**UNITED STATES of America, Plaintiff,**

v.

**CITY OF PARMA, OHIO, Defendant.**

**No. C73–439.**

United States District Court,
N. D. Ohio, E. D.

June 13, 1979.

Frank E. Schwelb, Michael L. Barrett, Housing & Credit Section Civil Rights Division, Dept. of Justice, Washington, D. C., for plaintiff.

Avery S. Friedman, Housing Task Force, Cleveland, Ohio, for amicus curiae.

Andrew Boyko, Sol., City of Parma, Parma, Ohio, Robert R. Soltis, Sp. Counsel, Parma, Ohio, for defendant.

## ORDER

BATTISTI, Chief Judge.

On September 18, 1975, defendant City of Parma moved for summary judgment in its favor. Since 1975 a series of counter, reply, and supplemental briefs with affidavits have been submitted. The last set of briefs was ordered on January 23, 1979. Upon careful consideration of the myriad documents before the Court, the motion for summary judgment is denied and the case shall be set for a pre-trial conference.

On April 27, 1973, the United States brought this action against the City of Parma alleging that the City had engaged in a pattern and practice of housing discrimination in violation of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. Sec. 3611 *et seq.* Plaintiff prayed for an order enjoining defendant from engaging in any discriminatory housing practices and requiring defendant to eliminate all obstacles to equal housing opportunity. The plaintiff's complaint was sustained against a motion to dismiss on September 15, 1973. *United States v. City of Parma*, 374 F.Supp. 730 (N.D.Ohio 1974).

The pending summary judgment motion and briefs by defendant, though painstakingly loquacious and for the most part irrelevant, boil down to a singular proposition which, itself, defeats the defendant's motion because it involves a bona fide factual dispute. At the heart of the muck and mire of defendant's rhetoric is the bold contention that the building permit for the proposed Parmatown Woods development was denied solely on the basis that it failed to comply with the city's building code. The defendant apparently believes that proof of the veracity of this statement alone would be sufficient to warrant judgment in its favor. The defendant contends that all other factual matters presented by plaintiffs are immaterial to this proceeding and, therefore, would not preclude a summary judgment in its favor.

The plaintiff and amicus curiae argue that the defendant has totally misconceived the legal nature of this action and, therefore, has failed to recognize that the factual controversies which they present and support by affidavits are highly relevant under the case law pertinent to a Title VIII law suit.

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment should be allowed only if "there is no genuine issue as to any material fact."

 The plaintiff has presented a bona fide Title VIII suit alleging that the defendant City of Parma has engaged in a pattern and practice of conduct with the purpose and effect of maintaining the City of Parma as a segregated all-white community. It is beyond dispute that a showing of discriminatory purpose or of discriminatory effect is sufficient to prove a violation of Title VIII. *E. g., Metropolitan Housing Development Corporation v. Village of Arlington Heights*, 558 F.2d 1283 (7th Cir. 1977) (on remand), *cert. denied*, 434 U.S. 1025, 98 S.Ct. 752, 54 L.Ed.2d 772 (1978); *Resident Advisory Board v. Rizzo*, 564 F.2d 126 (3rd Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1457, 55 L.Ed.2d 499 (1978); *Bishop v. Pecsok*, 431 F.Supp. 34 (W.D.Ohio 1976), *aff'd* (6th Cir.). Therefore, the following issues of fact, which the defendant dispute are clearly material to the legal issues in this case and preclude a summary judgment.

1. Whether Parma's virtually all-white character occurred adventitiously as a result of unrestricted free choice in the market place as defendant contends or whether it resulted from deliberate discrimination which was caused or perpetuated by defendant's conduct;

2. Whether successive decisions by defendant City of Parma or by and through its officials which resulted in the exclusion of various types of federally subsidized and potentially integrated housing had the purpose or effect of making housing unavailable to persons because of race; and

3. Whether Forest City's proposal to construct Parmatown Woods was rejected solely on nondiscriminatory

grounds, as Parma contends, or was treated less favorably than other proposals, wholly or partially because of the actual or anticipated race of some of the prospective residents.

Because there exist genuine issues of material facts, the defendants motion for summary judgment is hereby denied.

IT IS SO ORDERED.